## Case No. 13,107.

### SMITH v. SHAW.

[2 Wash. C. C. 167.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

INTEREST—PARTIAL PAYMENTS—ESTOPPEL—EXCHANGE.

1. The correct general rule is to calculate interest up to the period when a payment is made, to which the payment should be first applied; and if it exceed the interest due, the balance is to be applied to diminish the principal; but if it is not sufficient to discharge the interest, the principal is not to be increased, by adding to it the balance of interest which may remain due, so as to produce interest upon interest.

[Cited in Story v. Livingston, 13 Pet. (38 U. S.) 371.]

[Cited in Hart v. Dorman, 2 Fla. 445; McFadden v. Fortier. 20 Ill. 516; Mills v. Saunders, 4 Neb. 193.]

2. Where the plaintiff has stated an account upon a principle unfavourable to himself, as to the charge of interest, he ought to be bound by it.

3. There is no difference as to the application of the general rule, relative to calculating interest, to debts legally carrying interest, and to those where interest is given in the name of damages.

[Cited in Story v. Livingston, 13 Pet. (38 U. S.) 371.]

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

4. Exchange should be calculated according to the rate prevailing at the time of the trial.

[Cited in Grant v. Healey, Case No. 5,696; Jelison v. Lee. Id. 7,256; Reiser v. Parker, Id. 11,685; Hargrave v. Creighton, Id. 6,-064.]

[Cited in brief in Lodge v. Spooner, 8 Gray, 170. Cited in Marburg v. Marburg, 26 Md. 17.]

This action was brought by an English merchant, upon an account of goods shipped to the testator; and the only question was, as to the proper mode of calculating the interest.

Mr. Rawle, for plaintiff, insisted that the interest should be calculated whenever a payment is made, to which the payment should, in the first instance, be applied; and if it exceed the interest then due, the balance to be applied to diminish the principal; if it fall short of the interest, the balance of interest should not be added to the principal, so as to carry interest.

Mr. Ingersoll, for defendant, contended that the interest should be calculated upon the principal, up to the time of its final discharge; and be credited by the payments made, with interest calculated on them, from the time the payments were made, to the same period. But if this be not the correct rule in general, still, in this case, it should be adopted; as the plaintiff had so stated the interest in his account forwarded to the defendant. As to the general rule also, he contended, that although Mr. Rawle's mode might be correct as to bond debts, it was not so as to all open accounts.

BY THE COURT. There is no difference, as to the application of the general rule, between these debts, whose interest is of course to be charged, and those where the jury may allow it by way of damages; and in both, the rule mentioned by the plaintiff's counsel is the right one. But as the plaintiff has stated it otherwise, we think he ought to be bound by it. Another question was, whether this being a sterling debt, should be turned into currency at the par of exchange, or at the present rate. The court stated that it ought to be at the present rate, to which Mr. Ingersoll assented.

Verdict for plaintiff.