Main *v.* King.

***

Same Term. *Before the same Justices.*

Main *vs.* King.

In an action by a purchaser to recover back money paid in part execution of a contract, which has been rescinded by the vendor, the plaintiff is not obliged to prove a tender or a readiness to pay the whole price.

Error to the New-York common pleas, where King recovered a judgment of $425,67 and costs against T. H. Main and R. P. Main, the plaintiffs in error, for money paid by King upon a contract with them for the purchase of $1000 worth of eggs, and which contract the defendants had rescinded and refused to perform. The facts are stated in the opinion of the court.

Main *v.* King.

*Wightman & Clark*, for the plaintiffs in error.

*Walker & Nash*, for the defendant in error

*By the Court*, MITCHELL, J.    Main agreed to supply King with $1000 worth of good fresh eggs at the rate of 9 eggs for 12½ cents.    $100 was paid down by King, and $300 afterwards. King was to look the eggs over, and then they were to be delivered to him.    Fresh eggs mean such as are naturally so, not those that are preserved by artificial means.    Durham, acting for King, went to Main's store, looked over one barrel and commenced on a second, when he found *preserved* eggs in it.    He told King of this, and that led to a dispute between King and Main—Main saying they were fresh, King that they were not. They left the dispute to one Neall, and he decided that the barrel had preserved eggs in it.    King went again to look over the eggs, and Main, although he had fresh eggs, insisted that King should take from the loft where the rejected eggs were, or pay four shillings a barrel more than the contract for new fresh eggs.    King sued on the common counts to recover back the $400 thus paid, on the ground that Main had rescinded or refused to carry out the contract.    The judge charged the jury, that if they believed the defendants had failed to perform their part of the agreement and had received $400 on the contract, they should give a verdict for the plaintiff for that amount.    To this the defendant did not except; but he requested the judge to charge the jury that if the plaintiff had not done all in his power to examine the eggs and to complete the contract, and the defendants had not rescinded the contract, they must give a verdict for the defendants.    The judge declined so to charge, and the defendants excepted.

If, as the judge submitted to the jury and they have found, the defendants failed to perform their part of the agreement— which from the evidence could only be by refusing to furnish fresh eggs according to the contract, and insisting on the plaintiff taking eggs artificially preserved—then the plaintiff was not bound further to examine the eggs, which he had already found

---

did not answer the description.   The defendant's refusal to fur-
nish the fresh eggs excused the plaintiff from examining further
what he had found did not answer the contract.   The judge
therefore was not bound to make as one item of the right of the
plaintiff to recover, that he should have done all in his power to
*examine the eggs.*

If, as the jury have found under the judge's charge, the de-
fendants failed to perform their contract—which was by insist-
ing in their determination to give eggs not allowed by the con-
tract—then the defendants had rescinded the contract: and so
the court, in other words, had submitted that point as desired
by the defendants.

In an action not on the contract, but to recover money paid
on a rescinded contract, as money received by the defendant
for the plaintiff, there is no need of the plaintiff proving his
readiness to pay the whole contract price, if the defendant has
rescinded the contract.   Whether a different rule would prevail
in an action for damages for not fulfilling the contract, is a
question not raised here.   The contract here was rescinded by
the defendant.   In the court below the point was not raised
whether the plaintiff was not ready to pay ; but it was that he
should have proved a *tender* or *payment.*   Neither was neces-
sary when the defendant rescinded the contract.

The judgment below should be affirmed, with costs to the
defendant in error.

