SIMON GUITEMAN AND ANOTHER v. GEORGE DAVIS.

The laws of the United States not determining the value of a pound sterling for com-
mercial purposes, resort must be had to the custom of merchants: *Held*, therefore,
on a recovery in an action on a draft for fifty pounds sterling, drawn in London,
and accepted by the defendant at New York, that the plaintiff was entitled to the
price of exchange between New York and London. The real par, and not the
nominal par of exchange, is the measure of damages in such a case.

APPEAL by the defendant from a judgment at a Special
Term of this court in an action tried by DALY, F. J., without
a jury.

The action was brought upon a draft drawn and dated in
London, England, upon the defendant, for fifty pounds sterling,
and was directed to the defendant at the city of New York,
and accepted by him. The judge found the value of the
pound sterling to be $4.44, and the rate of exchange between
New York and London to be $1.45, making the actual value
of the pound sterling in U. S. currency $6.44, and on that
basis gave judgment for the plaintiffs. from which judgment
the defendant appealed to the General Term.

*Torrance, Spaulding & Richardson*, for appellant.

*Griswold & Dickinson*, for respondents.

BY THE COURT.—BRADY, J.—The act of Congress passed
February 21st, 1857 (11 Stat. 163), by section 3, declared that all
former acts authorizing the currency of foreign gold or silver
coins, and declaring the same to be a legal tender in payment
for debts, were repealed, but that it should be the duty of the
director of the mint to cause assays to be made, from time
to time, of such foreign coin as might be known to our
commerce, to determine their average weight, fineness, and
value, and to embrace in his annual report a statement of the

results thereof. The effect of this statute was to leave the value of foreign coins to the arbitrament of trade, save in the payment of duties, and in all computations at the custom-house. The act of 2d March, 1799 (11 Stat. 673), which declared the value of a pound sterling to be $4.44, was held to be for revenue purposes only (*Philips* v. *Ins. Co. of Philadelphia*, Hall's Journal Jurisprudence, 250—257); the act of 1842 (5 Stat. 496), repealing act of 1799, as to value of pound sterling, fixed the value at $4.84, in respect to payments by or to the treasury; and the acts of 1834, 4 Stat. 700, March 3d, 1843 (5 Stat. 607), fixed the value of foreign coins by reference to the fineness of the gold and the weight. The effect of the statute of 1857 is not only to render foreign coins no longer a legal tender, but, as between the importer and the government, to base the value of them upon the annual report of the director of the mint. The laws of the United States not determining the value of a pound sterling for commercial purposes, how is its value in currency to be determined? The answer seems to be very plain, and it is that resort must be had to the custom of merchants. It was proved in this case that the value of a pound sterling, for the purpose of trade, and the calculation of exchange, was $4.44; but that such value was fictitious, and was not the actual value; that it was called par, but not the par of exchange; that the rate of exchange was to be added, and that the rate being $1.45, founded upon the value of gold, the actual value would be $6.44, as found by the judge. This rule is just because it gives to the creditor the amount in currency which he would have to pay to remit the amount of the bill, and because it sustains the doctrine that the real par, and not the nominal par, of exchange should be the measure of damages, or the amount of debt due according to the promise and intent of the drawer. (Story on Conflict of Laws, 309, 310; *Lee* v. *Wilcocks*, 5 Serg. & Rawle, 48; S*mith* v. *Shaw*, 2 Wash. C. C. Rep. 167, 168; *Grant* v. *Healy*, 2 Chand. Law R. 113; s. c. 3 Sumner, 523). The cases of *Martin* v. *Franklin* (4 Johns. 124), and *Scofield* v. *Day* (20 Johns. 102), may be regarded as in conflict with the conclusions herein expressed. These cases were considered and disapproved in the case of *Grant*

v. *Healey* (*supra*), and the comments upon them are such as to lessen their importance as authorities bearing upon the question discussed in this case.    The case of *Scofield* v. *Day* was on a promissory note made in Montreal, to the plaintiffs, who resided in England, and payable to them or their order, with interest until paid, in England.    In a *per curiam* opinion, exceedingly brief, it was said that the plaintiffs were not entitled to any allowance on account of the difference of exchange with England.    No reasons are assigned, and it is to be remarked that there was no proof of any usage or custom in the case. In *Martin* v. *Franklin*, it appeared that the defendants were indebted on a balance due, and that a general practice prevailed among merchants when debts contracted and due in Great Britain were paid in New York, to pay according to the current rate of exchange, whether above or below par.    The court, in a short *per curiam* opinion, held the debt to be payable according to the par, and not to the rate of current exchange.    The practice which was admitted to prevail was not apparently considered.    No reference was made to it, and it is to be observed that the opinion does not exhibit such consideration of the question as it deserved.    Neither of these cases are exactly in point, and in the present condition of our commercial relations, considered with reference to our depreciated currency, the rule established by them, if to be applied, should not be extended to any case not precisely the same.    The changes made in relation to foreign coins, and the value of sterling, by various acts of Congress, the repeal of the law making foreign coins a legal tender by act of Congress in 1857, and the changes of values in foreign coin and currency, resulting from the late war in this country, make it just to confine the rule of those cases as suggested.

The judgment should be affirmed.

Judgment affirmed.