By the Court.—Monell, Ch. J.
The principal questions in this case were determined by the court upon the former appeal (37 Sup’r Ct. R. 35). It was there held, that a factor can sue in his own name. That the form of the complaint, containing allegations that were appropriate in an action for the conversion of the property, was immaterial, as a recovery in tort or on contract, according as to which was supported by the proof, could be had.
Those questions are, therefore, not open for review. Upon the second trial, the defendants attempted to prove their set-off against the plaintiff, and the *155 court, very correctly, as we think, refused to admit the proof.
The evidence was uncontradicted, that the plaintiff was the mere factor of Wood, the owner of the property ; and that the defendants were so informed by the plaintiff before and at the time the consignment was made. Such proof effectually shut off all right of set-off against the plaintiff.
The same evidence sufficiently established,'under the decision upon the former appeal, that the plaintiff could recover, without regard to the allegations in his complaint.
Such allegations were held to be sufficient, either upon contract or for conversion; and it was for the court to determine upon the trial whether a cause of action, without regard to its form, had been made out.
-There can not be a doubt,. therefore, that upon the" uncontradicted evidence, the plaintiff was entitled to a verdict for the balance of sales remaining unpaid.
The motion to dismiss the complaint was, therefore, properly denied.
The objection to the mode of ascertaining the damages presents a question upon which there is some conflict of decision.
The witnesses who estimated the value in the currency of the United States, added the current rate of exchange on London.
In Martin v. Franklyn (4 J. R. 124), and Scofield v. Day (20 Id. 102), the supreme court held, that thspar and not the rate of exchange was recoverable. In the first case the action was to recover a debt contracted in England and payable in sterling, and in the other case it was upon a promissory note, made in Canada and payable in England.
• These decisions have not been reversed in this state, but have several times been cited, and, as I think, sufficiently approved, to make them binding upon this *156 court (see Wilson v. Morgau, 4 Robt. 73 ; Schermerhorn v. Am. Life Ins. Co., 14 Barb. 156; Curtis v. Leavitt, 15 N. Y. 88; Rice v. Ontario Steamb’t Co., 56 Barb. 388).
In Oliver Lee & Co. Bk. v. Walbridge (19 N. Y. 136), the action was upon a promissory note discounted by the plaintiff’s bank. The defense was usury ; and it was alleged that in addition to deducting the interest, the bank had also' deducted the current rate of exchange on Hew York.
Judge Comstock, after alluding to the rule that the holder of a foreign bill is entitled, upon its dishonor, to recover the amount of exchange according to the prevailing rate, and that this is a general principle of commercial law in reference to foreign bills, as well as a regulation by the statutes of many of the states, says: 66It can scarcely be said, however, that these doctrines form a part of the law merchant in regard to promissory notes and commercial balances of account, although due and payable in a state or country different from that where the debtor resides, and where the obligation is sought to be enforced. On the contrary, in this state, and in Massachusetts, it has been distinctly held that such debts are to be paid according to the par of exchange, and that' the creditor is not entitled to any compensation for the difference of exchange between the country where the suit is brought, and the country where the debt was payable.” And he refers to Martin v. Franklyn, and Schofield v. Day (supra), and to Adams v. Cordis (8 Pick. 360). But he says, “ The opposite doctrine was, however, held in the federal circuit courts, by Justices Story and Washington”, (Smith v. Shaw, 3 Wash. C. Ct. 168 ; Grant v. Healey, 3 Sumn. 533).
Swanson v. Cooke (45 Barb. 574) was an action upon a judgment recovered in a British province, and the rule of the par of exchange was adopted. Ingraham, J., *157 says: “ If the debt is for so many pounds sterling, the; recovery can only be for that sum converted into dollars, at the rate which the pound sterling bears to a dollar, ■without any regard to the rate of exchange between the two countries. ”
In Schermerhorn v. Am. Life Ins. Co. (supra), the defendant had issued certificates payable in London in pounds sterling, and the court say (p. 157) : “A pound sterling could be paid here, unless due on a dishonored bill of exchange, by $4.44, in our currency,” „ . and that the cases of Martin v. Franklyn, and Schofield v. Day, were direct authorities to show, that in this state the holders would recover no -more than the value of the certificates at the rate of $4.44 to the pound sterling, and .the interest thereon. And he says the decisions were quoted with approbation, and adopted by the supreme court of Massachusetts (8 Pick. 267).
In the last case (Schermerhorn v. Am. Life Ins. Co.) a distinction, justified, perhaps, by the cases in the Federal courts, may be said to have been drawn between debts payable here, and such as by the terms of the contract are payable in a foreign country, although in that case the certificates were payable in London.
This distinction is clearly indicated in the two cases in the Federal courts, already cited, where Judge WASHiTfG-TOH, in one of them, says: “I take the general doctrine to be clear, that whenever a debt is made payable in one country, and it is afterwards sued for in another country, the creditor is entitled to receive the full sum necessary to replace the money in the country where it ought to have been paid.” And the ■same distinction is recognized by Mr. Justice Story, in his Conflict of Laws, §§ 308, 309, 310, 311, &c.
In this case, the goods were delivered to the defendants in the city of New York, and by them forwarded to their branch house in England, for sale. An account *158 of sales, in sterling money, was rendered to the defendants here, and it forms the basis of the damages which the plaintiff is entitled to recover.
The contract was made, and the debt was incurred, in this city. It was not incurred in England, and is not in any event payable there. And the debt or the judgment upon it, when paid, will not be, or have to be, transmitted to London, but will be retained here always. It is not, therefore, a case where, as was said in Grant v. Healy (supra), the creditor is entitled ,to receive the full sum necessary to replace the money in the country where it ought to have been paid. And the error of the witnesses, doubtless, was in the theory that the money was not in New York, but in London,, and had to be collected through or by a bill of exchange, or when collected here, had to be transmitted to London ; neither is the case. The money remains-here, paying a debt-due upon a contract made here and not elsewhere.
The only decision in this state adverse to the rule as stated in the two early cases of Martin v. Franklyn and Schofield v. Day (supra), is Ginteman v. Davis (3 Daly, 120), where the common pleas of this city held the rate of exchange was recoverable upon a British bill drawn on the defendant and accepted here. But I think that decision should not be followed, for the-reasons already stated. The two cases referred to, have not only not been reversed, but have, as has been seen, repeatedly been recognized in this state as laying down the law correctly. Besides, the supreme court, of this district, in a case between the same parties, cited in a note to Swanson v. Cooke (supra), decided the other way, and held that upon a bill drawn abroad and made payable here, the holder could only recover the amount named in the bill, without exchange. ,
In reducing the value in coin of a sterling pound.. into the currency of the United States, the premium *159 for gold at some fixed period must be ascertained, and to fix such period in this case is not without difficulty, and it is important owing to the large fluctuations in the premium, at different times.
At the trial the period was fixed at the time the account of sales was rendered and when the debt became due and payable.
In the cases arising under the legal-tender act of congress, when the contracts were payable in gold coin, the judgments were for the amount in coin (Kellogg v. Sweeny, 46 N. Y. R. 291; Philips v. Dugan, 21 Ohio, 466; Butler v. Herwitz, 7 Wallace, 258), which judgments could, of course, be satisfied, by gold coin, purchased at the rate of premium existing at the time of payment, thus making a loss to the creditor of any larger premium, which might have existed at the time the contract matured.
But in this case the judgment could not be in coin, but must be in the lawful money of the United States, and whatever the decisions may be in respect to con-. tracts payable in coin, a judgment for a certain number of dollars, can be satisfied by payment in the legal tender notes of the country (Wilson v. Morgan, 4 Robt. 58).
If the action could be maintained as an action for the conversion of the property, then it would have been proper, probably, to have allowed, the highest value of' gold, at any time after the conversion, to form the basis of converting the gold into currency as the damages (Baker v. Drake, 53 N. Y. R. 211). But this is an action upon contract, upon which the plaintiff almost, it may be said, as an absolute right, is entitled to recover interest as damages, from the time the debt became due, which in this case was at least on June 2, 1866, when the defendants rendered their account of sales.
In Baker v. Drake, supra, the court states the *160 rule of damages thus broadly: “ The rule of damages should not depend upon the form of action. In civil actions the law awards to the party injured a just indemnity for the wrong which has been done Kim, and no more, wKetKer the action be in contract or tort. Except in those special cases where punitory damages are allowed, the inquiry must always be, what is an adequate indemnity to the party injured ; and the answer to that inquiry can not be affected by the form of the action in which he seeks his remedy.”
The plaintiff was entitled to payment on the day the debt was due. Had it been paid on that day, the amount or value of the sterling pound would have been ascertained at the then current rate of gold, and I can see no reason why the plaintiff may not claim that it shall be so estimated now. In no other way would he be adequately indemnified.
In sales of personal property a vendee who sues for a non-delivery, may recover the increased value which may have taken place at any time intermediate the purchase and bringing the action (2 Pars. on Con. 480). This, of coarse, includes the value of the property at the time of sale.
So, in a written promise to pay in specified goods the rule of damages, it seems, is the price at the time of the breach (2 Pars. on Con. 490).
In analogy to these cases, and upon the same principle, the plaintiff in this case was entitled to have the sterling pound turned into gold at the time the debt became due; and the currency value of gold at that time, and interest thereon, is the correct measure of damages.
As the only error was in adding the exchange, that can be deducted from the recovery without sending the case bank for a new trial, as there is enough in the evidence to enable us to correctly state the amount.
The damages for which judgment should have been *161 entered are twelve hundred and six dollars and thirteen cents.
The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff elects to deduct from the judgment the sum of one hundred and two dollars and ninety-one cents, when the judgment as reduced should-be affirmed, with costs.
Sedgwick, J., concurred.