## McGOWAN v. BLAKE.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

VENDOR AND PURCHASER (§§ 116, 120*)—ACTION FOR RESCISSION OF CONTRACT— CONDITION PRECEDENT.

An action for rescission of a contract of purchase of land, not being based on a previous rescission, notice of rescission, and offer to restore, are not necessary before action; but offers in the complaint to reconvey and restore defendant to his original condition are enough.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 208, 215–217; Dec. Dig. §§ 116, 120.*]

Appeal from Special Term, Kings County.

Action by Julia McGowan against Johanna C. Blake. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Frederick L. Taylor (George B. Hayes, on the brief), for appellant.
Andrew F. Van Thun, Jr., for respondent.

GAYNOR, J. This is a suit for the rescission of a purchase of real estate by the plaintiff of the defendant for fraud. Payment was made by the conveyance of other real estate by the plaintiff to the defendant and paying the balance in cash. The plaintiff offers in the complaint to reconvey, and restore the defendant to his original position. The learned trial judge dismissed the case because no notice of rescission and offer to restore were given to the defendant by the plaintiff before the suit was brought. This was error. The rescission has to be made in advance of an action to recover back money paid on a fraudulent contract of purchase, but not to bring a suit for a rescission. Such a suit is not based on a previous rescission; it is for a rescission, and it suffices that the complaint itself is a rescission by necessary offers to tender, to restore, etc. Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Berry v. A. C. Ins. Co., 132 N. Y. 49, 30 N. E. 254, 28 Am. St. Rep. 548. The distinction between an action based on a rescission and one for a rescission seems to be obscured or lost sight of by the language of some opinions.

The judgment should be reversed.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes